FILED IN CLERK'S OFFICE
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT
OF GEORGIA

2019 OCT 30  PM 3: 11

M. REGINA THOMAS
CLERK
By_____
DEPUTY CLERK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| Holly Latrice Reid | ) | CHAPTER 7 |
| | ) | |
|    Debtor. | ) | CASE NO. 19-59095-SMS |
| | ) | |
| Shelley Anthony | ) | |
| | ) | |
|    Movant, | ) | |
| vs. | ) | CONTESTED MATTER |
| | ) | |
| Holly Latrice Reid | ) | |
| | ) | |
|    Respondent. | ) | |

## EXPEDITED MOTION FOR RELIEF FROM STAY

Shelley Anthony, by counsel, a creditor in the above-referenced case, moves the Court pursuant to 11 U.S.C. § 362(d) for an order granting relief from the automatic stay in order that Movant may enforce its action against the Debtor as hereinafter described.

The Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code in this Court on October 11, 2019. The Trustee of the estate of the Debtor in this case is Kathleen Steil.

As of the date of the filing of the petition for relief under Chapter 7, the Debtor was indebted to the Movant in the amount of $3000.00, representing the post-petition amounts due and not paid pursuant to Debtor's Chapter 13 petition filed June 11, 2019 and converted to Chapter 7 in this Court.

This indebtedness is evidenced by the Contract for the Lease Of Residential Real Property located at 5425 Oakley Commons Boulevard, Union City, Georgia 30301 ("Property") See Contract for the Lease of Residential Real Property attached hereto and made a part hereof by this reference.

Movant filed for an eviction in the Magistrate Court of Fulton County and an Order to Stay Proceedings is pending. See Magistrate Court Order attached.

Movant seeks expedited relief from the stay on the following grounds:

1.  The Debtor has no equity in the Property and the Property is not necessary to an effective reorganization.
2. Lifting the stay will allow the eviction proceedings to go forward and result in relief in partial or complete resolution of the issues.
3. Debtor defaulted in her obligation to pay post-petition rent payments to Movant.

4. There is a lack of any connection or interference with the Bankruptcy.

5. Judicial economy and an expeditious and economical resolution require a different forum.

6. The parties are ready for trial in the other proceeding.

7. The effect of the stay on the parties and the balance of harms requires an alternative forum.

8. Continued litigation will not affect the Debtor's reorganization efforts.

Counsel for Movant spoke with the Trustee on October 30, 2019 to explain Movant's reasons for a request for an expedited hearing.

October 30, 2019

Daliah Brill
Attorney for Movant
Georgia Bar Number 082251
Brill Law LLC

3355 Lenox Road
Suite 750
Atlanta, Georgia. 30326
404-994-2604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE:<br>Holly Latrice Reid | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | CASE NO. 19-59095-SMS |
| | ) | |
| Shelley Anthony | ) | |
| | ) | |
| Movant, | ) | |
| vs. | ) | CONTESTED MATTER |
| | ) | |
| Holly Latrice Reid | ) | |
| | ) | |
| Respondent. | ) | |

**NOTICE OF HEARING**

Movant, Shelley Anthony filed an Expedited Motion For Relief From Stay and related papers with the Court seeking that the automatic stay be lifted. Counsel for Movant spoke with the Trustee on October 30, 2019 to explain Movant's reasons for this request and requests that the Court waive the 14-day time requirement and grant an immediate hearing on this matter or enter the enclosed order without a hearing on the motion.

Alternatively, please take notice that unless a party in interest, within 14 days after the date of this motion, files a response to the motion and a request for and notice of hearing on such response, the enclosed order may be entered by the court without a hearing on the motion.

_____

Daliah Brill

Georgia Bar Number 082251
Brill Law LLC
Attorney for Movant
3355 Lenox Road
Suite 750
Atlanta, Georgia. 30326
404-994-2604

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | | |
| Holly Latrice Reid | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | CASE NO. 19-59095-SMS |
| ———— ———— ———— ———— ———— ———— ———— ———— ———— | ) | ———— ———— ———— ———— ———— ———— ———— |
| | ) | |
| Shelley Anthony | ) | |
| | ) | |
| Movant, | ) | CONTESTED MATTER |
| vs. | ) | |
| | ) | |
| Holly Latrice Reid | ) | |
| | ) | |
| Respondent. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing Expedited

Motion for Relief from Stay and Notice of Hearing using the Bankruptcy Court's

Electronic Case Filing program which sends notice of the document and an

accompanying link to this document to the following parties who have appeared

in this case under the Bankruptcy Court's Electronic Case Filing program:


Bobby Shane Palmer

Emily Camille Allen

Kathleen Steil

Mary Ida Townson

Office of the United States Trustee                          ·

I further certify that on this day I caused a copy of this document to be served via

United States first class mail, with adequate postage prepaid, o the following

parties set forth below at the address shown for each:

Holly Latrice Reid

5425 Oakley Commons Boulevard

Union City, Georgia. 30291-7169


Daliah Brill

Attorney for Movant


This 30th day of October 2019.




                                         Brill Law LLC

                                     Daliah Brill Counsel for Movant
                                     Georgia Bar Number 082251
                                     Brill Law LLC
                                     3355 Lenox Road
                                     Suite 750
                                     Atlanta, Georgia. 30326
                                     404-994-2604

E-FILED  B
Date: 9/16/2019 2:17 PI
Cathelene Robinson, Clei
19ED13425

## IN THE MAGISTRATE COURT OF FULTON COUNTY
## STATE OF GEORGIA

shelley anthony, IV., Plaintiff/Landlord,

v.                                                            File No. 19ED134254

holly reid, Defendant/Tenant.

### ORDER TO STAY PROCEEDINGS

This Court received a Notice of Bankruptcy on September 16, 2019. Accordingly, this
matter is hereby **stayed.**

IT IS SO ORDERED, this _16ᵗʰ_ day of ~~September~~ 2019.


_Dusdr Pickman_
FULTON COUNTY MAGISTRATE COURT

## Contract for the Lease Of
## Residential Real Property

### Offer Date: _3·9 (march 9th)_, 20 _19_

This Contract for the Lease of Residential Real Property (the "Lease") is made on the Acceptance Date
described herein by and between _Shelley Anthony IV_, hereinafter
called "Landlord" and _Holly Reid_, hereinafter called
"Tenant," for the hereinafter described Property, and in consideration of the mutual promises contained herein. It is
expressly understood and agreed that this Lease creates the relationship of Landlord and Tenant. This Lease is not
intended to create an estate for years or transfer any ownership interest in the Property to Tenant.

### 1. PROPERTY LEASED

Landlord hereby Leases to Tenant and the latter lets from the former, premises including a residential dwelling
located at: _3425 Oakley Commons Blvd Union City, Ga 30291_
or, if this box is checked, ☐ as described on the attached Legal Description Exhibit, incorporated herein by this
reference, hereinafter called the "Property," to which Landlord claims title.

### 2. TERM OF LEASE

The initial term of the Lease shall be _12_ months, beginning on _march 9th_, 20 _19_ and ending on
_march 31st_, 20 _20_.

### 3. RENEWAL OF LEASE

At the expiration of the Lease term, and unless otherwise terminated pursuant to the terms of this Lease, this Lease
will be automatically renewed [check one] ☐ on a month to month basis, or ☑ for a term of _365_ days. At that
time, the rental rate shall increase by _TBD_% of the most recent rental rate, or US$ _TBD_ per month. All
other terms of this Lease shall remain the same. If either the Landlord or the Tenant does not wish to renew this
Lease at the end of the initial or extended Lease term, the party not wishing to renew shall notify the other party in
writing of such intent not to renew, no less than thirty (30) days before the expiration of this Lease.

In the event the Lease has been terminated by either party and Tenant has not vacated the Property at the end of
the term, Tenant may be deemed a tenant at sufferance and shall pay a hold over fee, which shall not be regarded
as rent, in the amount of US$ _1000_ per day until the Property has been vacated.

### 4. DELIVERY OF POSSESSION BY LANDLORD

If the Property is not ready for occupancy at the beginning of the Lease term, this Lease shall nevertheless remain
in effect, but the rent shall be abated proportionally until Landlord is able to deliver possession of the Property. If
Landlord has not delivered possession within _7_ days after the commencement of this Lease, Tenant shall
have the right to cancel this Lease by written notice delivered to Landlord or Property Manager, as hereinafter
defined. Tenant's remedy shall be limited to such right of cancellation and the return of any rent or deposit prepaid
to Landlord, and on such cancellation neither party shall have any further right against the other.

If Tenant takes occupancy of the Property prior to the beginning of the Lease term, such occupancy shall be
subject to the terms of this Lease, and Tenant shall pay an additional prorated rental amount to Landlord for the
period beginning on Tenant's actual date of occupancy and ending on the stated date of beginning of the Lease
term.

Landlord shall timely satisfy all monetary obligations concerning the Property at all times to prevent the foreclosure
of any liens or claims that could interfere with Tenant's possession of the Property, including, but not limited to the
lien of any mortgage lender, tax authority and/or homeowner's or condominium association.

### 5. PROPERTY MANAGEMENT

From time to time, and at the Landlord's sole discretion, Landlord may engage the services of an agent or property
manager ("Property Manager"), the terms of whose relationship with Landlord shall be set forth in a separate
Property Management Agreement, to assist in the enforcement of Landlord's rights under this Lease, including, but
not limited to the collection of rents, processing rental applications, assisting with repairs, holding security deposits,

Page 1 of 12

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222015

Initials: _SA_ _HR_ _____ _____

etc. Landlord shall provide Tenant with written notice, within no less than five (5) banking days, of the engagement of any such Property Manager or of any change in the designated Property Manager.

The Property [check one]:

☐ IS currently managed by the Property Manager designated on the signature page of this Lease. The Property Manager, by signing this Lease, certifies that he/she/it is authorized to sign this Lease on behalf of the Landlord, and to enforce the terms of this Lease on behalf of Landlord; or

☑ IS NOT currently managed by a Property Manager.

## 6.  RENT

Tenant agrees to tender to Landlord a monthly rental payment, without any deduction or set-off whatsoever, in the amount of US$ _1000_ , payable in advance on the _5_ day of each month until the termination of this tenancy. The rental payments are payable to _Shelley Anthony IV_ at the following address: _1060 Brookhaven Dr. Fairburn, Ga. 30213_ or to such other address as Landlord or the Property Manager may from time to time provide to Tenant by five (5) banking days' written notice.

If the Lease begins on any day of the month other than the payment date expressed in this section, the rent will be prorated until the next regularly scheduled payment date.

## 7.  SECURITY DEPOSIT

**7.1. Deposit of Funds-** Tenant [check one] ☑ HAS or ☐ HAS NOT paid a refundable security deposit as of the date of this Lease, and if not, then Tenant shall pay the refundable security deposit in the amount of US$ _1000_ (the "Security Deposit") within _____ days of the execution of this Lease, which Security Deposit shall be held by [check one] ☑ Landlord, or ☐ Other: _____ (the "Escrow Agent").  The Security Deposit shall be deposited within five (5) banking days in an interest bearing or non-interest bearing bank account established only for that purpose located at _N/A_ . If deposited into an interest bearing account, the holder of the security deposit shall be entitled to retain any interest accrued. If the Escrow Agent or Landlord is a Georgia real estate licensee, the Security Deposit shall be deposited into a trust account that is registered with the Georgia Real Estate Commission and is in compliance with the rules and regulations of the Georgia Real Estate Commission.

**7.2. Transfer of Funds-** Landlord shall have the right, after ten (10) banking days' written notice to Tenant and Escrow Agent, to transfer the Security Deposit to another holder and designate a new Escrow Agent, provided the Tenant agrees in writing.

**7.3. No Offset of Rental Payments -** Tenant shall not have the right to offset any rental payment or any other fee due under this Lease against the Security Deposit.

**7.4. Return of Funds-** The Security Deposit shall be returned to Tenant at the Tenant's last known mailing address via first class U.S. mail, postage prepaid, within thirty (30) days following  the expiration of this Lease if all monies due Landlord have been paid, the Tenant has vacated the Property, and Tenant is not in default under the terms of this Lease. Landlord shall be entitled to withhold from the Security Deposit any sums still owed under this Lease, including, but not limited to, final rent payments, amounts owed for repairs (normal wear and tear excepted), amounts paid by Landlord to remove Tenant's personal property, delinquent utility bills paid on behalf of Tenant, or cleaning fees due to Tenant's failure to return the Property to Landlord in the same degree of cleanliness it was in when Tenant took occupancy of the Property (normal wear and tear excepted). The Security Deposit shall become the property of the Landlord ninety (90) days after the letter is mailed if the letter is returned as undeliverable, and if Landlord's reasonable attempts to locate the Tenant have failed.

**7.5. Liability of Escrow Agent-** It is agreed that the duties of Escrow Agent are herein specifically provided and are purely ministerial in nature, and that Escrow Agent, so long as Escrow Agent is acting in good faith, shall incur no liability whatsoever with respect to the Security Deposit except for willful misconduct or negligence. Landlord and Tenant do each hereby release Escrow Agent from any liability for any error of judgment or for any act done or omitted to be done by Escrow Agent in good faith performance of its duties hereunder and do each hereby indemnify Escrow Agent against, and agree to hold, save, and defend Escrow Agent harmless

Page 2 of 12

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222016                Initials: _SA_  _HP_ _____ _____

from, any costs, liabilities, and expenses incurred by Escrow Agent in serving and faithfully discharging its duties and obligations hereunder.

In the event a dispute arises between the parties regarding the final disbursement of the Security Deposit, the Escrow Agent may, upon written notice to the parties:

7.5.1.   disburse the funds based upon a reasonable interpretation of this Lease; or

7.5.2.   bring an appropriate action or proceeding in a court of competent jurisdiction for leave to deposit the Security Deposit, less the costs and expenses of the interpleader action actually incurred by Escrow Agent, including reasonable attorney fees. If Escrow Agent elects to interplead the Security Deposit, the Escrow Agent shall first give the parties ten (10) banking days' advance written notice.

## 8.   OTHER CHARGES

In addition to any other rent, security deposit, utility fee or cost of repair herein described, Tenant shall be assessed a charge payable to Landlord within five (5) banking days of notice thereof in the following amounts and under the following circumstances:

8.1. Late Payment- If any rent payment due hereunder is not received by Landlord within ____7____ days of the date it is due, Tenant shall pay a late charge in an amount equal to __20__ % of the amount of such payment, or US$ __200__.

8.2. Dishonored Check- If any check tendered by Tenant or on behalf of Tenant to Landlord or Property Manager is returned to Landlord or Property Manager for insufficient funds or any other reason, Tenant shall pay to the party to whom the check was tendered a service charge in the amount of US$ __100__. Landlord reserves the right to thereafter request that all future payments be made by money order or certified funds.

8.3. Re-keying- Landlord may charge a re-key fee in the amount of US$ __100__ *entire House *free 1 for the replacement of copy any keys during the term of the Lease or not returned to Landlord at the termination of this Lease.

8.4. Utility Re-connect Fee- In the event Tenant fails to maintain any utility or service required hereunder through the end of the Lease term, Tenant shall pay Landlord the cost of reconnecting said utility, as well as a one time charge in the amount of US$ __350__. *Abandoned property.

8.5. Costs of Enforcement of Landlord's Rights- Should any payment due hereunder not be paid within __15__ days of the date it is due, Landlord shall be entitled to take legal action to dispossess Tenant. Tenant shall be responsible for paying the court costs of such action, regardless of whether or not a court order is issued, or whether or not Tenant is allowed by Landlord to cure and reinstate by paying all amounts owed, unless the action is dismissed due to Landlord default hereunder. An additional administrative fee in the amount of US$ __250__ shall be payable by Tenant to Landlord to cover other administrative costs incurred by Landlord for each such dispossessory action filed.

8.6. Pet Fee- Tenant agrees to pay a non-refundable pet fee in the amount of US$ __N/A__ if pets are allowed to occupy the Property. This fee shall be in addition to the cost of any damage caused by Tenant's pet and shall not be used to offset any charges for the repair of said damage.

## 9.   EARLY TERMINATION

9.1. By Tenant- Tenant [check one] ☐ MAY or ☑ MAY NOT terminate this Lease prior to the end of the Lease term.

Provided the Landlord has consented to Tenant's right of early termination by so indicating hereinabove, Tenant may exercise that right by [check all that apply]: *choose one.*

☑ Providing Landlord with no less than __90__ days' prior written notice of Tenant's intent to terminate early, signed by all Tenants.

☑ Paying an early termination fee in an amount equal to __2__ month's rent.

☐ Paying an early termination fee in an amount equal to ____% of the total rent due through the end of the original lease term, or US$_____.

*I applicable*

All other terms of this Lease shall remain in full force and effect, including, but not limited to, Tenant's obligation to pay any rents or fees due through the date of Tenant's early termination of this Lease.

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.        Initials: _____ _____ _____ _____
R02222015

> *Exception for Members of the United States Military Service: The terms of this section regarding early termination may not apply, and the provisions of the Service Members' Civil Relief Act of 2003, as amended, may control if Tenant provides Landlord with a copy of Tenant's official orders proving that Tenant has been called to active duty with the United States Armed Services during the term of this Lease; or, Tenant is on active duty with the United States military and Tenant or an immediate family member of Tenant occupying Property has received, during the term of this Lease, permanent change of station orders or temporary duty orders for a period not less than ninety (90) days.*

9.2. **By Landlord**- Landlord may terminate this Lease prior to the end of the Lease term by:

    9.2.1.   Providing Tenant with no less than sixty (60) days prior written notice of Landlord's intent to terminate the Lease early; and

    9.2.2.   Provided Tenant has paid all rents and fees due under this Lease at time of Lease termination and is otherwise not in default under this Lease, paying Tenant an early termination fee in the amount of US$ Full refund which shall be paid to Tenant within thirty (30) days after the early expiration of this Lease. Tenant hereby acknowledges that this early termination fee shall serve as full liquidated damages for any damages Tenant may suffer due to Landlord's early termination of this Lease.

All other terms of this Lease shall remain in full force and effect, including, but not limited to, Tenant's obligation to pay any rents or fees due through the date of Landlord's early termination of this Lease.

## 10. USE OF PROPERTY

10.1. **People**- The Tenant agrees to use the Property as a residential dwelling and for no other purpose. The Tenant agrees to abide by the covenants, agreements, rules and regulations of this Lease, as well as all posted rules and regulations regarding the use of any recreational facilities, common areas, streets, driveways or sidewalks on the Property. It is the responsibility of the Tenant to familiarize himself with and abide by all federal, state, county and local laws, regulations and ordinances, and the rules, regulations and by-laws of any homeowners association or condominium association governing the use of the Property. It is understood that, in addition to the Tenant, ONLY the following people may occupy the rented Property:

Holly Reid

Tenant agrees not to do or to permit any act or practice injurious to the Property, or which may be otherwise prohibited by law.

10.2. **Pets**- Pets [check one] ☐ ARE or ☑ ARE NOT allowed under this Lease.

Provided Landlord has consented to pets to occupying the Property by so indicating hereinabove, this consent is limited by the following:

    10.2.1.  Only _____ individual pet(s) is (are) allowed on the Property and are specifically described as follows:

| breed | max. predicted weight | breed | max. predicted weight |
|---|---|---|---|
| breed | max. predicted weight | breed | /max. predicted weight |

    10.2.2.  Tenant shall, at all times, abide by all applicable local laws, the requirements of Landlord's insurance carrier and association rules and regulations with respect to the keeping of animals or pets, including, but not limited to, leash laws, licensing laws, and laws regarding vaccinations and inoculations. Tenant shall, upon request and within five (5) banking days' notice, provide Landlord with proof of any current vaccinations applicable to the pet's species which are required by local law, including, but not limited to, rabies vaccinations.

    10.2.3.  Tenant shall keep pet confined or on a leash when out of doors. Tenant is responsible for all acts of pet or injuries caused by Tenant having a pet on the Property, including, but not limited to, proper clean

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222016

Initials: _____ _____ _____ _____

up and disposal of pet droppings; flea, tick or other pet related pest infestation within the dwelling; damage to the Property indoors and/or out of doors; and public disturbance or nuisance created by Tenant's pet. 10.2.4. If, in the sole discretion of Landlord or Property Manager, Tenant's pet becomes an annoyance to the public, then Landlord or Property Manager may, with five (5) days written notice to Tenant, demand the removal of the pet from the Property. If, in the sole discretion of Landlord or Property Manager, Tenant's pet becomes a threat to public health or safety, then Landlord or Property Manager may demand the removal of the pet from the Property immediately.

## 11. CONDITION OF PROPERTY

Tenant shall, at all times, maintain the Property in a clean and orderly condition so as not to create waste of or damage to the Property, and shall return the Property to the Landlord in the same condition at the end of the Lease term as it was in at the beginning of the Lease term, normal wear and tear excepted.

11.1. Initial Inspection of the Property- Prior to commencement of this Lease and Tenant's occupancy of the Property, Landlord and Tenant shall each, separately or together, conduct an initial walk-through of the Property and complete the attached Rental Property Condition Report. It shall be the responsibility of the Tenant to note any damage to the Property observed during said walk-through if not already indicated on the report by Landlord, and Tenant expressly acknowledges that failure to do so may create liability on the part of the Tenant for any Property damage noted at the end of the Lease term. By taking possession of the Property, Tenant acknowledges that the Property has been received in clean condition and in good order with the exception of any matters noted in the Rental Property Condition Report. Except as otherwise indicated in this Lease, Tenant shall take possession of the Property "as is," and has not relied upon any promise or representation by Landlord to repair, improve or otherwise alter the Property.

11.2. Landlord Responsibility for Repairs- It is the Tenant's responsibility to notify Landlord of any condition or defect which would render the Property unsafe or unfit for use as a residential dwelling, or which, if left unrepaired, could lead to severe damage to the Property. Such conditions shall include, but are not limited to, nonfunctioning smoke detectors, rodent or termite infestation, roof or plumbing leaks, and severe erosion. Landlord shall, within a reasonable amount of time after receiving notice from Tenant, repair any defect which would create a safety or health hazard to the occupants of the Property, would render the Property untenable, or is required under federal, state or local law. Landlord shall not be responsible for any routine maintenance of the Property, except as otherwise indicated herein.

11.3. Tenant's Maintenance Responsibilities- Tenant agrees to be responsible for, and to make, at Tenant's expense, all routine maintenance of the Property. Tenant's maintenance responsibilities shall include, but not be limited to the following:

11.3.1. Unless other indicated herein, and except for Property separately maintained by a condominium or homeowner's association, all yard maintenance is the responsibility of the Tenant, and the grounds shall be kept neatly mowed and free of debris.

11.3.2. It is specifically understood that Tenant will, at Tenant's expense, keep sinks, lavatories, and commodes in good working order, reporting any initial malfunction within five (5) days of occupancy.

11.3.3. Tenant shall replace all broken windows and burned-out light bulbs, repairing any damage to screens, interior walls and doors.

11.3.4. Tenant shall be responsible for taking reasonable precautions in extreme cold weather to protect the pipes from freezing.

11.3.5. Tenant agrees to report to Landlord any malfunction of, or damage to, electrical, plumbing, heating or air conditioning systems. Tenant is responsible for changing air filters in heating and air conditioning systems every __2__ months and reporting any water leaks immediately. Prior to reporting any herein described malfunction, however, the Tenant shall take reasonable steps to confirm that the malfunction is not due to a tripped circuit breaker or blown fuse. Failure to do so may result in a charge to Tenant in the amount of US$ __150__ for the service call.

11.3.6. Tenant agrees to pay for the cost of all repairs made necessary by negligent or careless use of the Property, including repairs to electrical, plumbing, heating and cooling system, as well as floor coverings, wall coverings and appliances.

11.3.7. Tenant agrees to take reasonable precautions to prevent losses resulting from theft, malicious mischief, or vandalism.

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222016          Initials: _SA_ _HH_ ____

**11.4. Final Inspection of the Property-** Within five (5) days after the Tenant ceases to occupy the Property (or within a reasonable time, if Tenant vacates the Property without notifying the Landlord), Landlord shall furnish Tenant with a copy of the completed Rental Property Condition Report, indicating any damage to the Property not noted at the initial inspection of the Property for which Tenant shall be held responsible. Tenant shall have the right to inspect the Property within three (3) banking days of receipt of the completed Rental Property Condition Report to confirm or dispute Landlord's assessment of the Property's condition. In the event Tenant disputes the accuracy of Landlord's Rental Property Condition Report, Tenant shall have five (5) banking days from the receipt of the Rental Property Condition Report to notify the Landlord in writing of which specific items Tenant disputes. All notices delivered as a result of this section shall be delivered in a manner consistent with the section of this Lease entitled "Notices."

## 12. RIGHT OF ENTRY

Tenant agrees that Landlord may enter the Property during reasonable hours for the purpose of inspecting the Property and Tenant's compliance with the terms of this Lease, making repairs, alterations, improvements or additions as Landlord may deem appropriate and showing the Property to prospective purchasers or tenants. Landlord will give Tenant twenty four (24) hours' advance notice before entering Property, except for in the event of an emergency. Landlord shall have the right to display "For Sale" or "For Rent" signs upon the Property within the last ___30___ days of the Lease term, and to market the Property for sale or for lease throughout the entire Lease term.

Within the last _____0_____ days of the Lease term, Landlord [check one] ☐ SHALL or ☑ SHALL NOT have the right to place a lock box on the Property, during which time Tenant shall continue to be solely responsible for securing Tenant's valuables. Tenant shall cooperate with Landlord to make the Property available to prospective purchasers and tenants during reasonable hours.

## 13. ALTERATIONS TO THE PROPERTY

Tenant may not make any alterations or additions to the Property without the prior written consent of Landlord. Tenant is forbidden from changing, adding or removing any locks without prior written consent of Landlord.  Tenant shall not paint, mark or otherwise deface walls, ceilings, floors, windows, cabinets, woodwork, stone, ironwork, or any other part of the Property, inside or out. Tenant specifically agrees not to damage the walls with screws, nails, glue or tape, though standard picture hooks and curtain or shade brackets shall be allowed. Any alterations or improvements made by Tenant, including fixtures, carpeting, painting, wallpaper, and landscaping, shall become a part of the Property unless otherwise consented to by Landlord in writing. Upon termination of this lease Tenant shall restore the property to its original condition, safety and appearance, ordinary wear and tear excepted, except as to the fixtures, carpeting, painting, wallpaper, shrubs or any other plants which Landlord has accepted. If Tenant fails to do so, Tenant will promptly reimburse Landlord for any expenses required to restore the Property.

## 14. DAMAGE TO THE PROPERTY NOT CAUSED BY TENANT

If the Property is damaged by fire, flood, toxic environmental hazard, extreme weather or other casualty not due to the negligence of Tenant, Tenant's invitees, licensees or guests, Landlord shall repair the damage within a reasonable time and rent shall continue unabated unless the casualty renders the Property fully untenable, in which case either party may terminate this Lease and Tenant, on payment of all rent due through the date Property is surrendered, shall not be liable for any further rent but shall be reimbursed the Security Deposit. In the event the Property is rendered only partially untenable by the above described casualty, Tenant shall be entitled to a reduction in the amount of rent proportionate to the amount of Property so damaged until such time as Property has been repaired; provided, however, that this shall not relieve the Landlord of the obligation to complete repairs within a reasonable time.

This Property [check one] ☐ HAS or ☐ HAS NOT been flooded by natural forces, such as excessive rain or an overflow of an established water source, within the five (5) years preceding the date of this Lease. The term "flood" as used in this paragraph shall mean the inundation of water over land or structures not usually covered by it, and shall not include water intrusion caused by a failure of plumbing.

Page 6 of 12

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222016

Initials: _SA_ _HL_ _____ _____

This Property [check one] ☐ WAS or ☐ WAS NOT built prior to 1978. If the Property or any part thereof was built prior to 1978, Tenant acknowledges receipt of the Lead Based Paint Exhibit attached hereto and by this reference made a part hereof and the EPA brochure entitled "Protect Your Family From Lead in Your Home."

Tenant acknowledges that it is Tenant's responsibility to insure Tenant's personal property through a comprehensive policy of renter's hazard insurance. Neither Landlord, nor Property Manager nor Broker shall be liable to Tenant or any party claiming by, through or under Tenant for any damage to personal property stored on the Property, and Tenant does hereby indemnify Landlord, Property Manager and Broker against, and agrees to hold, save, and defend Landlord, Property Manager and Broker harmless from, any costs, liabilities, and expenses incurred as a result of damage to personal property stored on the Property.

### 15. UTILITIES AND SERVICES

Tenant understands and agrees that the cost of utilities and services shall be paid as follows: [check all that apply]

| Utility or Service | Paid by Tenant | Paid by Landlord | Optional or Not Required |
|---|---|---|---|
| Electricity | ✓ | | |
| Gas | | | ✓ |
| Water | ✓ | | |
| Sewer | ✓ | | |
| Waste removal | ✓ | | |
| Telephone | ✓ | | |
| Yard and Lawn Maintenance | | ✓ | |
| Cable | ✓ | | |
| Pest (other than termite or rodents) Control | | | ✓ |
| Other: | | | |
| Other: | | | |

Any utilities or services required to be maintained by Tenant must be transferred or connected in Tenant's name within _____ days of commencement of this Lease. BUSINESS DAYS

### 16. USE OF PARKING

Tenant shall park motor vehicles in areas designated by Landlord and no other areas. Any vehicle parked on the Property shall bear evidence of current license and registration, and no recreational vehicle, boat, motor home, trailer or inoperable vehicle of any kind shall be permitted to be parked on the Property. Any vehicle not in compliance with this section may be towed at Tenant's expense.

### 17. ADDITIONAL USE RESTRICTIONS

The following rules apply to Tenant and Tenant's invitees, guests and licensees:

17.1. Tenant shall not operate heavy equipment, play loud music or create any other condition which may constitute a nuisance or disrupt the quiet enjoyment of neighbors in the surrounding area.

17.2. Tenant shall not make use of portable heaters or air conditioning units without the written permission of Landlord.

17.3. Tenant will neither store nor dump any environmentally hazardous or combustible substances on the Property, except that Tenant may store normal household goods in amounts necessary for normal household use.

17.4. The possession of any illegal substance, stolen goods or other contraband on the Property is strictly forbidden.

### 18. SUBORDINATION

This Lease is subject and subordinate to the lien of all mortgages now or at any time hereafter placed on any part of Landlord's property which includes the Property, to extensions or renewals thereof, and to all advances now or hereafter made on the security thereof. Tenant agrees, upon request, to execute such further instruments

evidencing such subordination as Landlord may request, and if Tenant fails to do so, Landlord is empowered to do so in the name of the Tenant.

## 19. LIMITATION OF LANDLORD'S LIABILITY

The term "Landlord," as used in this Lease, so far as covenants or obligations on the part of Landlord are concerned, shall be limited to mean and include only the Landlord or Landlords, who, at the time in question, own the Property. In the event of any transfer or transfers of ownership of the Property, the Landlord herein named (and in case of any subsequent transfers or conveyances, the then Landlord) shall be, from and after the date of such transfers and conveyances, freed and relieved of all liability with respect to the performance of any covenants or obligations on the part of Landlord contained in this Lease to be performed after the transfer. Without further agreement, the new owner of the Property shall be deemed to have assumed and agreed to observe and perform any and all obligations in this Lease. Landlord may transfer his interest in the Property without the consent of Tenant and such transfer or subsequent transfer shall not be deemed a violation on Landlord's part of any of the terms and conditions of this Lease. Landlord or transferor shall remain and continue to be liable for any performance or payment which shall have accrued or become owing during such Landlord's or transferor's tenure as Landlord hereunder.

## 20. INDEMNIFICATION OF LANDLORD

The Tenant shall not do or permit any act upon the Property which may subject the Landlord to any liability by reason of any illegal business or conduct upon the Property, or by reason of any violation of law or of any legal requirement of public authority, but shall exercise such control over the Property as to fully protect the Landlord. Notwithstanding that joint or concurrent liability may be imposed upon the Landlord by statute, ordinance, rule, regulations, or order, the Tenant shall indemnify the Landlord against any liability or expense of any nature due to the following:

20.1. Any breach of any covenant in this Lease required to be performed by the Tenant;
20.2. Any damage to person or property occasioned by the Tenant's use and occupancy of the Property or by any use or occupancy of the Property which the Tenant may permit its guests, invitees and/or licensees; and
20.3. Injury to any person, including death resulting at any time therefrom, occurring in or about the Property and on the sidewalks adjacent to the Property. If the Tenant is required to defend any action or proceeding pursuant to any such occurrence to which the Landlord is made a party, the Landlord shall be entitled to appear, defend, or otherwise take part in the matter involved, at its election, by counsel of its own choosing, providing such action by the Landlord does not limit or make void any liability of any insurer of the Landlord or Tenant hereunder in respect to the claim or matter in question. The Tenant's liability under this section shall be reduced by the net proceeds collected from any insurance taken out by the Tenant to cover losses from the events herein described.

## 21. DEFAULT

A party shall be in default if he or she breaches any term of this Lease. Except as otherwise stated herein, neither Landlord nor Tenant shall be deemed to be in default hereunder, however, until and unless such party has been given written notice of its failure to comply with the terms of this Lease and thereafter does not cure such failure within three (3) banking days after receipt of such notice. In the event of any judicial or other adversarial proceeding between the parties concerning this Lease, to the extent permitted by law, the prevailing party shall be entitled to recover all of its reasonable attorneys' fees and other costs in addition to any other relief to which it may be entitled. In addition, Landlord shall, upon demand, be entitled to all attorneys' fees and all other costs incurred in the preparation and service of any notice or demand hereunder, whether or not a legal action is subsequently commenced.

21.1. Tenant's Default- Tenant's default under any of the terms of this Lease may result in Landlord's termination of this Lease, together with Landlord's exercise of all rights and remedies available under the law, including, but not limited to, dispossessory actions, Tenant's forfeiture of security deposits and law suits for damages. Tenant covenants that Tenant has adequate financial resources to lease the Property. Tenant does not contemplate the filing of any bankruptcy, reorganization, arrangement, insolvency or liquidation proceedings, or any other proceeding for the relief of debtors in general, and Tenant acknowledges that Tenant's filing of a bankruptcy petition shall constitute an additional event of default hereunder, at which time this Lease shall immediately and automatically terminate with no right to cure.

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222015   Initials:

**21.2. Landlord's Default-** If the Landlord should default on any of the provisions of this Lease, due to no fault of the Tenant, then Tenant shall be entitled, as Tenant's sole and exclusive remedy, to terminate this Lease, be reimbursed for Tenant's initial Security Deposit, and be paid a fee equal to the early termination fee (if any) described herein as full liquidated damages.

**21.3. Waiver-** All rights accorded to Landlord by this Lease shall be cumulative and in addition to any laws which currently exist or may exist in the future. Any failure by Landlord to exercise any rights under this Lease shall not act as waiver of those or any other rights, and shall not act as a bar to Landlord's future enforcement of those rights. No statement or promise by Landlord as to tenancy, repairs, and amount of rent to be paid, or any other terms shall be binding unless it is put in a writing signed by Landlord and made a specific part of this Lease.

## 22. BROKERAGE

By signing below, all parties represented by a Broker acknowledge that no Broker in this transaction shall owe any duty to Tenant or Landlord greater than what is set forth in their brokerage engagements and the Brokerage Relationships in Real Estate Transactions Act, O.C.G.A. § 10-6A-1 et. seq and further:

**22.1.** Landlord and Tenant each hereby represents and warrants to the other that he/she/they have not dealt with any real estate Broker, agent or salesperson (other than Property Manager, Landlord's Broker or Tenant's Broker, as hereinafter defined) so as to create any legal right or claim in any such Broker, agent or salesperson for a rental commission or similar fee or compensation with respect to the negotiation and/or consummation of this Lease. Tenant and Landlord acknowledge that they are not represented by a Broker unless they have signed a brokerage agreement with said Broker. If any party hereto is not represented by a Broker, that party acknowledges full responsibility for protecting his/ her/their own interests.

**22.2.** Any commission or other compensation due to a Broker shall be paid according to the terms of a separate agreement between Broker and Tenant, Broker and Landlord, or both.

**22.3.** Landlord and Tenant have been advised and expressly acknowledge their obligation to conduct a thorough investigation, or to obtain independent professional advice, with respect to any concerns they may have regarding the condition of the Property and the surrounding neighborhood, including, but not limited to, any structural, safety, environmental, financial, tax, legal or health concerns, or issues regarding the surrounding community, future or current real estate development, or municipal services offered to local residents. Tenant and Landlord expressly acknowledge that Broker is not an expert in any of these areas and has given no advice nor made any representations in regard thereto upon which Tenant or Landlord have relied. All parties hereby release any Broker and any affiliated agent and employee from any cost, expense or liability that may result from their reliance on any perceived advice given with respect to the foregoing.

**22.4. Material Relationships-** Neither the Broker nor Broker's affiliated licensees have a material relationship with Landlord or Tenant except as follows: _____ N/A

_____.

**22.5. Tenant's Broker-** The Tenant's Broker identified on the signature page of this Lease is the Broker assisting the Tenant, regardless of whether the Tenant is a customer or a client as defined under Georgia law. It includes the agent or agents of the Broker who are involved in this particular transaction. The Tenant's Broker is [check one]:

    **22.5.1.** ☐ representing the Tenant as a client under a written brokerage agreement; or

    **22.5.2.** ☐ representing the Tenant as a customer, performing only ministerial acts; or

    **22.5.3.** ☐ acting as a dual agent, with responsibilities to both Landlord and Tenant, as described more fully below; or

    **22.5.4.** ☐ acting as a designated agent, with responsibilities to both Landlord and Tenant, as described more fully below.

**22.6. Landlord's Broker-** The Landlord's Broker identified on the signature page of this Lease shall refer collectively to all persons assisting the Landlord, regardless of whether the Landlord is a customer or client as defined under Georgia law. It includes the agent or agents of the Broker who are involved in this particular transaction. The Landlord's Broker is NOT the Property Manager unless Landlord's Broker has also signed as Property Manager. The Landlord's Broker is [check one]:

    **22.6.1.** ☐ representing the Landlord as a client under a written brokerage agreement; or

    **22.6.2.** ☐ representing the Landlord as a customer, performing only ministerial acts; or

    **22.6.3.** ☐ acting as a dual agent, with responsibilities to both Landlord and Tenant, as described more fully below; or

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222015

Initials: _____  _____  _____  _____

**22.6.4.** ☐ acting as a designated agent, with responsibilities to both Landlord and Tenant, as described more fully below.

**22.7. Dual Agent-** "Dual agent" means a Broker who simultaneously has a client relationship with both landlord and tenant in the same real estate transaction. O.C.G.A. §10-6A-3(10). By checking the dual agent box above, the parties acknowledge that they have consented to a dual agency and acknowledge that their interests may sometimes be adverse. If the parties have agreed to allow a Broker to act as a dual agent, that Broker will not disclose to another party any information a client has asked the Broker to keep confidential, or which would negatively affect that party's bargaining position, unless the disclosure is required by law.

**22.8. Designated Agent-** "Designated agent" means one or more licensees affiliated with a Broker who are assigned by the Broker to represent solely one client to the exclusion of all other clients in the same transaction and to the exclusion of all other licensees affiliated with the Broker. O.C.G.A. §10-6A-3(9). By checking the designated agent box above, the parties acknowledge that they have consented to a designated agency and acknowledge that _____ will work exclusively with Tenant as Tenant's designated agent and _____ N/A _____ will work exclusively with the Landlord as Landlord's designated agent.

**22.9.** Landlord [check one] ☐ IS or ☐ IS NOT a Georgia real estate licensee.

## 23. ASSIGNMENT/SUBLEASE

The Tenant covenants not to assign or sublet the Property without permission of the Landlord. No additional occupants other than those noted above are allowed without Landlord's express written permission.

## 24. NOTICES

Any notice, request or other communication required or permitted to be given hereunder shall be in writing and shall be delivered by hand or overnight courier (such as United Parcel Service or Federal Express), sent by facsimile, sent by electronic mail ("email") or mailed by United States registered or certified mail, return receipt requested, postage prepaid and addressed to each party at its address as set forth below. Any such notice shall be considered given on the date of such hand or courier delivery, confirmed facsimile transmission, deposit with such overnight courier for next business day delivery, or deposit in the United States mail, but the time period (if any is provided herein) in which to respond to such notice shall commence on the date of hand or overnight courier delivery or on the date received following deposit in the United States mail as provided above. Rejection or other refusal to accept or inability to deliver because of changed address of which no notice was given shall be deemed to be receipt of the notice. By giving at least five (5) banking days' prior written notice thereof, any party may from time to time and at any time change its mailing address hereunder. Any notice of any party may be given by or to such party's counsel or Broker. The parties' respective mailing and email addresses for notice purposes are indicated after the parties' signatures below. Telephone numbers are given for convenience of reference only. Notice by telephone shall not be effective.

## 25. MISCELLANEOUS PROVISIONS

The Tenant and Landlord covenant and agree with each other that:

**25.1.** The provisions of this Lease shall extend to and be binding on the respective heirs, executors, administrators and successors of each party hereto;

**25.2.** If any provision of this Lease is determined by a court of competent jurisdiction to be invalid or unenforceable, the remainder of this Lease shall nonetheless remain in full force and effect;

**25.3.** Time is of the essence of this Lease;

**25.4.** The section headings appearing in this Lease are for convenience of reference only and are not intended, to any extent and for any purpose, to limit or define the text of any section or any subsection hereof;

**25.5.** This Lease, including any Exhibits attached hereto, contain the entire agreement between the parties pertaining to the subject matter hereof and fully supersede all prior written or oral agreements and understandings between the parties pertaining to such subject matter;

**25.6.** Tenant waives all rights of homestead exemption in the Property;

**25.7.** This Lease shall be governed by and interpreted under the laws of the State of Georgia;

**25.8. Definitions:**

**25.8.1. Banking Days:** Monday through Friday, excluding federal holidays;

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222015

Initials: SA HR

The Lease is hereby Accepted, with notice being properly given to the party making the last offer, at _____ o'clock ___ m. march 9 , 20 19.

All Names should be both signed and printed.

**Tenant:**

> Holly Reid

Tenant Printed Name

> _____

Tenant Printed Name

**[Check one]** ☑ **Landlord or** ☐ **Property Manager:**

> Shelley Anthony IV

Landlord or Property Manager Printed Name

> _____

Landlord or Property Manager Printed Name

678-833-6920

Tenant Phone Number        Tenant Fax Number

hollyreid07@gmail.com

Tenant Email Address

237 Glenrose Cir.

Tenant Address

Atlanta, GA 30354

Tenant City          State          Zip

678-886-0946

Landlord or Property Mgr Phone    Landlord or Property Mgr Fax

Shelley.Anthony58@yahoo.com

Landlord or Property Manager Email Address

1050 Brookhaven Dr.

Landlord or Property Manager Address

Fairburn          GA    30213

Landlord or Property Manager City   State      Zip

**Tenant's Broker:** N/A

Name of Brokerage Firm              Broker Code

Brokerage Phone Number      Brokerage Fax Number

> _____

Agent Printed Name

Agent Phone Number        Agent Fax Number

Agent Email Address

**Required License Number(s):**

Broker's License Number      Agent's License Number

MLS Listing #_____

**Landlord's Broker:** N/A

Name of Brokerage Firm              Broker Code

Brokerage Phone Number      Brokerage Fax Number

> _____

Agent Printed Name

Agent Phone Number        Agent Fax Number

Agent Email Address

**Required License Number(s):**

Broker's License Number      Agent's License Number

MLS Listing #_____

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.
R02222015     Initials: SA HR _____ _____

**25.8.2. Broker:** "Broker" means any individual or entity issued a broker's real estate license by the Georgia Real Estate Commission pursuant to O.C.G.A. § 43-40. The term "Broker" includes the Broker's affiliated licensees except where the context would otherwise indicate;

**25.8.3. Inspection:** Includes any and all inspections regardless of whether by the Tenant individually or by a licensed (where required by law) or other third party inspector selected by Tenant;

**25.8.4. Landlord:** The term "Landlord" used herein shall refer collectively to all persons named above and signing this Lease as Landlord, and their successors and/or assigns if property shall be sold. Any acts to be performed by the Landlord may be performed by the Property Manager or employees of the Landlord or Property Manager;

**25.8.5. Tenant:** The term "Tenant" used herein shall refer collectively to all persons named above and signing this Lease as Tenant, and the liability of each such person shall be joint and several. Notice given by Landlord to any person named as Tenant, or by any such person to Landlord, shall bind all persons signing this Lease as Tenant;

## 26. EXHIBITS

The followings exhibits are attached hereto and are by this reference made a part hereof:
☐ Rental Property Condition Report
☐ Legal Description Exhibit
☐ Lead Based Paint Exhibit
☐ EPA brochure *"Protect Your Family From Lead In Your Home"*
☐ Other: _____
☐ Other: _____
☐ Other: _____

## 27. SPECIAL STIPULATIONS:

- Security Deposit & First month's rent is Non-refundable

Deposit is Refundable if it is in the same condition at signing of Lease.

☐ Substantive provisions continued on additional page.

Form RE120, *Contract for the Lease of Residential Real Property*
Copyright© 2015 by Orthrus Real Estate Enterprises, LLC. All rights reserved.      Initials: _____ _AP_ _____ _____
R02222016

U. S. BANKRUPTCY COURT / NORTHERN DISTRICT OF GEORGIA / ATLANTA DIVISION

RECEIPT #01259230 (HD) OF 10/30/2019

| ITEM | CODE | CASE | QUANTITY | AMOUNT | BY |
|---|---|---|---|---|---|
| 1 | ST2 | 19-59095 | 1 | $ 181.00 | Check/MO |

Judge  - Sage M. Sigler
Debtor - HOLLY LATRICE REID

TOTAL:                                              $ 181.00

FROM: Brill Law LLC
      3355 Lenox Rd NE, Ste 750
      Atlanta, GA  30326
      404-994-2604